**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOSE GUADALUP RODRIGUEZ,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-09-cv-219 |
| | § | |
| **DAN JOSLIN,**[1] | § | |
| **WARDEN, FCI THREE RIVERS,** | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Petitioner Jose Guadalup Rodriguez, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241, which was received by the Clerk on August 27, 2009. (D.E. 1.) He has paid the $5 filing fee. On November 16, 2009, the United States filed a response, in which it also requests that the petition be denied. (D.E. 10.) To date, Rodriguez has not filed a response and the time for doing so has passed.

In his instant § 2241 petition, Rodriguez agues that he is not being given credit for "402 days" he alleges he spent in confinement from October 10, 1998,[2] when he was arrested

---

[1] Rodriguez named the United States of America as Respondent in this case. The proper party respondent in a 28 U.S.C. § 2241 action, however, is the person having custody of the petitioner. 28 U.S.C. § 2242; 28 U.S.C. § 2243; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Rodriguez's custodian, both at the time of the filing of his petition and currently, is Dan Joslin, Warden at FCI Three Rivers. Thus, Warden Joslin is hereby substituted as the correct respondent in this matter. See also D.E. 10 at 4 (Respondent's motion to dismiss stating that "Warden Joslin should be substituted as the correct respondent in this matter.").)

[2] Although Rodriguez repeatedly refers to the date of his arrest as October 6, 1998, all of the documentation before the Court reflects that the offense date was October 6, 1998, but Rodriguez's arrest occurred on October 10, 1998. (See, e.g., D.E. 11 at Att. 3, ¶ 55; id. at Att. 4, 7, 8, 11.) The Court thus finds that he was taken into custody on October 10, 1998.

by state authorities, until November 12, 1999 when he was released from his 15-month sentence to begin service of his 188-month concurrent sentences. (D.E. 1 at 3-4.)

Having reviewed Rodriguez's petition, the motion to dismiss and related documents, the undersigned concludes that Rodriguez's § 2241 petition is barred because he failed to exhaust his administrative remedies. For this reason, discussed more fully herein, the Court DENIES Rodriguez's 28 U.S.C. § 2241 petition without prejudice. Moreover, even if he had properly exhausted, Rodriguez's claim does not entitle him to relief.

## I. BACKGROUND

Rodriguez is a federal prisoner with a projected release date, via good conduct time (GCT) of August 15, 2003. (D.E. 10, Exhibit A, Declaration of Patricia Kitka ("Kitka Decl.") at ¶ 13.) At the time he filed his petition, Rodriguez was serving his sentence at the Federal Correctional Institution in Three Rivers, Texas ("FCI Three Rivers").

On October 5, 1995, Rodriguez was sentenced in the Southern District of Texas, docket number 7:94-cr-219(1), following a conviction for Illegal Alien Possession of a Firearm and Possession With Intent to Distribute Marijuana. (Kitka Decl. at ¶ 1 & D.E. 11, Att. 1.) The court in that case sentenced him to a 33-month term of imprisonment, to be followed by a three-year term of supervised release. (Kitka Decl. & D.E. 11, Att. 1.) He was released from prison on February 24, 1997 and began his Supervised Release Term. (Kitka Decl. at ¶ 2 & D.E. 11, Att. 2.)

Approximately eighteen months later, on October 10, 1998, Rodriguez was arrested by the Mission, Texas Police Department and charged with Engaging in Organized Criminal

Activity, Capital Murder, and Possession of Marihuana. (Kitka Decl. at ¶ 3 & D.E. 11, Att. 3.) He was subsequently charged federally in the Southern District of Texas, docket number 7:98-cr-453(2) for these offenses.

He was convicted after a jury trial of: (1) Travel in Foreign Commerce with the Intent to Commit Murder in Furtherance of Racketeering Enterprises; (2) Felon in Possession of a Firearm; and (3) Being Found in the United States in Possession of a Firearm. (D.E. 11, Att. 6.) On April 5, 1999, he was sentenced to serve a 188-month term of imprisonment for these offenses. The 188-month terms of imprisonment for these convictions were ordered to run together. (D.E. 11, Att. 6.)

Rodriguez's supervised release term in 7:94-cr-219(1) was revoked on the same date, and he was sentenced to serve a 15-month term of imprisonment, to run consecutively to the sentence in 7:98-cr-453(2). (See D.E. 11, Att. 5, see also D.E. 11, Att. 6 (ordering that the sentence in 7:98-cr-453(2) run consecutive to the 15-month sentence in 7:94-cr-219).)

The Bureau of Prisons staff prepared two sentence computations for Rodriguez based upon his 15-month term of imprisonment and the consecutive 188-month terms. (Kitka Decl. at ¶ 8; D.E. 11, Att. 7-8.)[3] The 15-month term commenced on April 5, 1999, and includes prior custody credit from October 10, 1998. Thus, the BOP's documents reflect that he

---

[3] According to Respondent, the two sentences could not be aggregated into one 203-month sentence for computation purposes, because one sentence was imposed under the Prison Litigation Reform Act of 1995, and the other under the Violent Crime Control and Law Enforcement Act of 1984. (Kitka Decl. at ¶¶ 1, 6, 11 & D.E. 11, Att. 9.)

received prior custody credit for the time period of October 10, 1998 until November 12, 1999, which is at issue in this case.

Rodriguez filed this timely § 2241 petition on July 22, 2009. As noted, at the time of his filing he was incarcerated at FCI Three Rivers. Jurisdiction and venue in this Court are therefore proper.

## II.  DISCUSSION

### A.    28 U.S.C. § 2241

Twenty-eight U.S.C. § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

### B.    Failure to Exhaust Administrative Remedies

When a prisoner seeks credit toward his sentence through a § 2241 petition, he must first exhaust administrative remedies through the BOP. United States v. Gabor, 905 F.2d 76, 78, n.2 (5th Cir. 1990) (citations omitted). A district court may dismiss a case under 28 U.S.C. § 1915(d) for failure to exhaust administrative remedies. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).

The BOP provides a three-tiered administrative process by which inmates can present a complaint, set forth at 28 C.F.R. § 542.10-542.18.[4] First, the inmate may present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate may file a formal written complaint with the warden at the local level, using a BP-9 form. 28 C.F.R. §§ 542.13(b), 542.14(a). If not satisfied with the warden's response, the inmate may appeal within twenty days of the response to the regional director. 28 C.F.R. § 542.15(a). If unsatisfied at the regional level, then the inmate has 30 days from the date of the regional director's response to appeal to the general counsel. The appeal to the general counsel is the final administrative appeal provided by the BOP. Id.

In this case, the evidence provided by Respondent shows that Rodriguez has not filed any administrative remedy requests while in custody. (D.E. 10-2, Hansen Decl. at ¶ 7 and Exhibit B.) Thus, Respondent asserts that Rodriguez did not exhaust his administrative remedies. Notably, Rodriguez has not provided anything to controvert this statement. While Rodriguez states in his petition that he has filed administrative remedies and that these remedies were denied (D.E. 1 at 5), he has not provided any copies of the filed grievances, nor any specifics as to when he filed them and what the response was. In the absence of any credible evidence from Rodriguez to the contrary, the Court concludes that Rodriguez failed

---

[4] This process is also described by the Declaration of Jennifer Hansen, docketed as D.E. 10-2. (See Hansen Decl. at ¶¶ 3-6.)

to exhaust his administrative remedies and his petition is therefore dismissed without prejudice for failure to exhaust.

**C.     Merits of Petitioner's Claim**

Even if it were properly before the Court and the Court reached the merits of his petition, moreover, Rodriguez has not shown that he is entitled to relief. The legal principles at issue in Rodriguez's petition are well-settled. In calculating a term of imprisonment, the Court is guided by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Notably, inmates are not entitled to double credit for time spent in detention prior to sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992). In this case, Respondent asserts that Rodriguez's claim fails because he received credit for the time he spent in custody from the date of his arrest until he was transferred to federal authorities after his sentencing and revocation proceedings in federal court. Specifically, the sworn declaration

of Patricia Kitka and the documentation she provides reflect that Rodriguez received credit against his 15-month sentence for the entirety of the time he challenges. (See generally Kitka Decl. at ¶¶ 8-13.)

Indeed, the BOP records provided clearly reflect that Rodriguez received credit to his 15-month sentence for the period of October 10, 1998 until April 4, 1999, the day before he was sentenced. His sentence began on April 5, 1999, and he completed service of that sentence on November 12, 1999, including 58 days of good time credit. (D.E. 11, Att. 7.) Rodriguez offers nothing to contradict that record. Instead, he merely complains that the time was not credited to his 188-month sentence. Under the plain language of § 3585(b), however, Rodriguez is not entitled to have that time additionally credited toward his 188-month sentences because it was already credited to his 15-month sentence. See 18 U.S.C. § 3585 (credit is given only for time served "that has not been credited against another sentence").

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D.E. 1) is DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies.

It is so ORDERED this 2nd day of July, 2010.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE